**F I L E D**
CLERK, U.S. DISTRICT COURT
07/22/2025
CENTRAL DISTRICT OF CALIFORNIA
BY: _____ DVE _____ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 8:25-cr-00140-FWS |
|---|---|
| Plaintiff, | I N F O R M A T I O N |
| v. | [18 U.S.C. § 1341: Mail Fraud; 18 U.S.C. § 1343: Wire Fraud; 18 U.S.C. § 981(a)(1)(C) & 28 U.S.C. § 2461(c): Criminal Forfeiture] |
| TAE MIYAJI JONES, | |
| Defendant. | |

The United States Attorney charges:

### INTRODUCTORY ALLEGATIONS

At times relevant to this Information:

1. Defendant TAE MIYAJI JONES ("JONES") resided in Orange County, within the Central District of California.

2. From at least as early as 2010 through her termination on October 20, 2023, defendant JONES was the Account Manager for a California based noodle corporation, S.F.

3. S.F. manufactured a variety of instant noodle products, which were distributed throughout the United States and Canada. S.F. was headquartered in Garden Grove, California, within the Central District of California.

4.  S.F. conducted business with several vendors to facilitate its business needs.

5.  S.F. had a bank account ending in 0496 at Union Bank ("Union Bank Account -0496"), which it used for transactions with its various vendors.

6.  Defendant JONES had a personal banking account with American Express ("AMEX") ending in -91001.

7.  Defendant JONES had personal banking accounts with Boeing Employees' Credit Union ("BECU") ending in -6072, -0262, -6064, -4417, -6606, -5447, -1265, -6614, -7771, and -8600.

8.  Defendant JONES had a personal banking account with First National Bank of Omaha ("FNBO") ending in -2962.

9.  As S.F.'s Account Manager, defendant JONES's responsibilities included administering S.F.'s accounting and financial operations, including but not limited to, budgeting for salaries, business expenses, regulatory and tax compliance; accounting; managing and implementing internal financial controls; managing relationships with external vendors; handling procurement of manufacturing goods from such vendors; and identifying new business opportunities for S.F.  Defendant JONES had access to and control of the S.F.'s financial systems, corporate accounts, and records.  Defendant JONES also had check signing authority in her role as Account Manager.

10. Defendant JONES was prohibited by S.F. from using her access to S.F.'s accounting systems to conduct any personal transactions.

COUNTS ONE THROUGH SEVEN

[18 U.S.C. § 1341]

11. Paragraphs 1 through 10 of the Introductory Allegations of this Information are realleged and incorporated as though fully set forth herein.

A.   THE SCHEME TO DEFRAUD

12. Beginning on a date unknown, but no later than December 31, 2017, and continuing through at least July 21, 2023, in Los Angeles and Orange Counties, within the Central District of California, and elsewhere, defendant TAE MIYAJI JONES, knowingly and with intent to defraud, devised and executed a scheme to obtain monies and other property owned by and in the custody and control of S.F., by means of material false and fraudulent pretenses, representations, and promises, and the concealment of material facts.

13. The fraudulent scheme operated and was carried out, in substance, as follows:

   a.   Without the knowledge, consent, or approval of S.F., and in violation of S.F. policies and procedures, defendant JONES would transfer and cause to be transferred S.F. funds from Union Bank Account -0496 to personal accounts in her own name to finance personal expenses including, among other things, home mortgages, jewelry, car loans, and charges she incurred on her personal credit cards.

   b.   Defendant JONES would falsify and cause to be falsified S.F.'s account records in order to conceal her unauthorized takings, which were material matters.

14. As a result of the scheme described above, defendant JONES fraudulently obtained approximately $2,894,441 from S.F.

B.  EXECUTION OF THE FRAUDULENT SCHEME

15. On or about the dates set forth below, within the Central District of California, defendant JONES, for the purpose of executing and attempting to execute the above-described scheme to defraud, willfully caused the following items to be placed in an authorized depository for mail matter to be sent and delivered by the United States Postal Service, according to the direction thereon:

| COUNT | DATE | ITEM MAILED |
|---|---|---|
| ONE | July 6, 2023 | Check for $42,600 from S.F.'s Union Bank Account -0496 to AMEX, P.O. Box 96001, Los Angeles, CA 90096 to be applied to defendant JONES's credit card balance on the account ending in -91001. |
| TWO | December 6, 2022 | Check for $58,800 from S.F.'s Union Bank Account -0496 to AMEX, P.O. Box 96001, Los Angeles, CA 90096 to be applied to defendant JONES's credit card balance on the account ending in -91001. |
| THREE | July 6, 2022 | Check for $42,300 from S.F.'s Union Bank Account -0496 to AMEX, P.O. Box, 96001, Los Angeles, CA 90096 to be applied to defendant JONES's credit card balance on the account ending in -91001. |
| FOUR | June 3, 2022 | Check for $46,800 from S.F.'s Union Bank Account -0496 to AMEX, P.O. Box, 96001, Los Angeles, CA 90096 to be applied to defendant JONES's credit card balance on the account ending in -91001. |
| FIVE | September 8, 2021 | Check for $16,800 from S.F.'s Union Bank Account -0496 to FNBO, P.O. Box 2557, Omaha, NE 68103 to be applied to defendant JONES's credit card balance on the account ending in -2962. |
| SIX | December 11, 2020 | Check for $29,650 from S.F.'s Union Bank Account -0496 to FNBO, P.O. Box 2557, Omaha, NE 68103 to be applied to defendant JONES's credit card balance on the account ending in -2962. |

| COUNT | DATE | ITEM MAILED |
|---|---|---|
| SEVEN | December 10, 2019 | Check for $48,600 from S.F.'s Union Bank Account -0496 to FNBO, P.O. Box 2556, Omaha, NE 68103 to be applied to defendant JONES's credit card balance on the account ending in -2962. |

COUNTS EIGHT THROUGH TEN

[18 U.S.C. § 1343]

16. Paragraphs 1 through 10 of the Introductory Allegations of this Information are realleged and incorporated as though fully set forth herein.

A.   THE SCHEME TO DEFRAUD

17. Beginning on a date unknown, but no later than on or about December 31, 2017, and continuing through at least on or about July 21, 2023, in Los Angeles and Orange Counties, within the Central District of California, and elsewhere, defendant TAE MIYAJI JONES, knowingly and with intent to defraud, devised and executed a scheme to obtain monies and other property owned by and in the custody and control of S.F., by means of material false and fraudulent pretenses, representations, and promises, and the concealment of material facts.

18. The fraudulent scheme operated and was carried out, in substance, as follows:

   a.   Without the knowledge, consent, or approval of S.F., and in violation of S.F. policies and procedures, defendant JONES would transfer and cause to be transferred S.F. funds from Union Bank Account -0496 to personal accounts in her own name to finance, personal expenses, including among other things, home mortgages, jewelry, car loans, and charges she incurred on her personal credit cards.

   b.   Defendant JONES would falsify and cause to be falsified S.F.'s account records in order to conceal her unauthorized takings, which were material matters.

19. As a result of the scheme described above, defendant JONES fraudulently obtained approximately $2,894,441 from S.F.

6

B.   USE OF THE WIRES

20.   On or about the dates set forth below, within the Central District of California, and elsewhere, defendant JONES, for the purpose of executing the above-described scheme to defraud, caused the transmission of the following items by means of wire communications in interstate commerce:

| COUNT | DATE | ITEM WIRED |
|---|---|---|
| EIGHT | July 29, 2021 | Electronic transfer of $259,000 of S.F. funds from defendant JONES's BECU bank account ending in -6072 to Nationstar Mortgage, LLC. |
| NINE | August 2, 2019 | Mobile check deposit for $13,480 from S.F.'s Bank Account ending in -0496 to a BECU bank account which defendant JONES controlled. |
| TEN | November 20, 2018 | Mobile check deposit for $18,950 from S.F.'s Bank Account ending in -0496 to a BECU bank account which defendant JONES controlled. |

FORFEITURE ALLEGATION

[18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c)]

1.  Pursuant to Rule 32.2(a) of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), in the event of the defendant's conviction of the offenses set forth in any of Counts One through Ten of this Information.

2.  The defendant, if so convicted, shall forfeit to the United States of America the following:

(a)  All right, title, and interest in any and all property, real or personal, constituting, or derived from, any proceeds traceable to the offenses, including but not limited to:

(i)  The real property located at 125 Innocent Trail, Madison, Alabama, 35756, more particularly described at Assessor's Parcel Number 1701020002072000; and

(ii)  The real property located at 69-555 Waikoloa Beach Drive, Unit 2804, Waikoloa, Hawai'i, 96738, more particularly described at Assessor's Parcel Number 3-6-9-007-035-0166; and

(b) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3. Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b), the defendant, if so convicted, shall forfeit substitute property, up to

the total value of the property described in the preceding paragraph if, as the result of any act or omission of said defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

BILAL A. ESSAYLI
United States Attorney

CHRISTINA T. SHAY
Assistant United States Attorney
Chief, Criminal Division

*/s/ Frances S. Lewis*

FRANCES S. LEWIS
Assistant United States Attorney
Chief, General Crimes Section

SHAWN T. ANDREWS
Assistant United States Attorney
Deputy Chief, General Crimes Section

ANDREW M. ROACH
Assistant United States Attorney
Deputy Chief, General Crimes Section

CLIFFORD D. MPARE
Assistant United States Attorney
General Crimes Section